## WM. N. COOKE AND OTHERS V. PAUL BREMOND.

The acquisitions of a husband and wife during their coverture, whether made by their joint labor or by the separate labor of each or either, become the property of the community; and, as a general rule deducible from this principle, all property acquired during the marriage by purchase or apparent onerous title, whether the conveyance be taken in the name of the husband, or that of the wife, or in their joint names, is held *prima facie* to belong to the community.

Although in this State the legal import of such deeds, as between parties to them, their privies in blood, or vendees without value or with notice, may be affected by parol evidence ; yet no principle is known upon which parol evidence can be received to so explain or modify such deeds as to engraft upon the property after it has passed to innocent purchasers a trust to their detriment.

Inspection of a deed charges a party with notice of those facts only which its contents import.

An inspection of a deed for land made to a married woman in 1846, which deed expressed on its face a valuable consideration, did not constitute notice that the land was the separate property of the wife ; but, on the contrary, it authorized the inference that it was part of the community property of husband and wife, and as such was subject to be disposed of by the husband alone.

The fact that a conveyance expressing a valuable consideration was taken in the name of a married woman, imposed no obligation on a purchaser from her husband to inquire whether there were equities between the husband and wife with regard to the property.

ERROR from Harris.  Tried below before the Hon. P. W. Gray.

Suit by the plaintiffs in error, as heirs-at-law of Catherine N. Cooke, against the defendant in error for a cancellation of a deed to a block of lots in the city of Houston, made by Abner Cooke to the defendant on the 4th of September, 1846.

The plaintiffs alleged in their petition that they were the children and heirs-at-law of Catherine N. Cooke, who died intestate in October, 1848 ; that on the 17th of February, 1846, E. B. Nichols, in consideration of the natural love and affection which he bore to the said Catherine, who was his sister, made to her a deed of gift for the block in controversy, and others, ex-

---

### Cooke v. Bremond.

---

pressing therein a nominal money consideration. That in point of fact there was no money or other consideration for said deed, other than such natural love and affection. That the said deed was duly recorded in Harris county, so that any prudent person could have had notice of the title and claim of said Catherine to said blocks as her separate property. That the said Catherine never conveyed or sold said block during her lifetime, or assented to its sale. That on or about the 4th of September, 1846, Abner Cooke, the father of plaintiffs and husband of said Catherine, without the knowledge or assent of his said wife, sold and conveyed the block in controversy to the defendant, Paul Bremond, for the sum of one hundred dollars; and that said Bremond had placed his deed from said Abner Cooke on the records of Harris county. And plaintiffs aver that at and before the death of their said mother, the title to said block was complete and perfect in her, and that at her death it descended to plaintiffs as her heirs. That notwithstanding they are thus the legal and equitable owners, and entitled to the possession of said property, yet the defendant is setting up title as aforesaid, but has never taken actual possession of the block. That though not bound so to do, yet plaintiffs offer to pay to said defendant, and hereby tender to him the amount paid by him to said Abner Cooke, with interest, all taxes, &c. That the claim so set up by said defendant, and the deed so placed by him on record, is a cloud upon the title of the plaintiffs, deteriorating the value of the property and preventing its sale. Prayer, that on final hearing the title and possession of said block be decreed to plaintiffs, and that defendant's said deed be declared null and void.

The defendant demanded oyer of the deed from E. B. Nichols to Catherine N. Cooke, and demurred to the petition, assigning causes as follows:

1st. That by the petition and deed it appears that at the time the property was conveyed to said Catherine, she was the wife of Abner Cooke, and took the property by deed of bargain and sale; and that the said husband, Abner Cooke, during the coverture, sold and conveyed the same property to this defendant, as he lawfully might.

Cooke  v.  Bremond.

2d.  That by the petition and deed it appears that the property aforesaid was community property of the said Abner and Catherine, and that the said Abner, the husband, during the coverture, sold and conveyed the same to the defendant, as by law he might.

3d.  That the statute of limitations bars the claim of plaintiffs, and protects the long continued possession of the defendant.

4th.  That the petition seeks to alter, vary or qualify the written contract of sale between E. B. Nichols and the said Catherine N.

5th.  That the petition seeks to change the deed of bargain and sale made upon a full, adequate consideration in money into a deed of gift made in consideration of love and affection.

The defendant also answered, denying the heirship of the plaintiffs, and their allegations with respect to the character of the conveyance from E. B. Nichols to Mrs. Cooke, and pleading the statute of limitations.

The deed from Nichols to Catherine N. Cooke expressed a money consideration of two hundred dollars, and was recorded in Harris county on the 10th of August, 1846.

At the June Term, 1859, the court sustained the defendant's demurrer to the plaintiffs' petition, and gave judgment for the defendant.    The plaintiffs gave notice of appeal, which was not perfected, and they now prosecute their writ of error.

*Henderson & Johnstone*, for the plaintiffs in error.

*D. J. Baldwin*, for the defendant in error.

MOORE, J.—The court below did not err in sustaining the demurrer to the plaintiffs' petition.    Our whole system of marital rights is based upon the fact that acquisitions, either of the joint or separate labor or industry of the husband or wife, become common property; and as a general rule deducible from this principle, all property acquired by purchase or apparent onerous title, whether the conveyance be in the name of the husband or of the wife, or in the names of both, is *prima facie* presumed to belong to the community.    It is true that it is now a well established, and long recognized rule of procedure in our judicial

system, as between the parties to such deeds, their privies in blood, purchasers without value or with notice, to affect the legal import of such deeds by parol evidence. (Smith v. Strahan, 16 Tex., 314; Higgins v. Johnson, 20 Tex., 389; Dunham v. Chatham, 21 Tex., 231.) But we know of no principle upon which such evidence can be received for the purpose of explaining or modifying such deeds, after the property has passed into the hands of innocent purchasers, and thereby engrafting· upon it a trust to their detriment. Such a doctrine would go far to destroy the utility of written evidences of title to land, and the registration of conveyances for the purpose of notice. The alleged fact that the defendant in error examined the deed to Mrs. Cooke before he purchased the lots, is immaterial. The inspection of a deed only charges a party with notice of the facts which its contents import. An inspection of this deed authorized the defendant in error to infer that the property was a part of the community estate of Cooke and wife, and justified him in dealing with it as such. The statute authorizes the husband, during its continuance, to dispose of all community property. That the title of it when acquired by the community was taken in the name of the wife, imposes no additional burthen upon the purchaser of inquiring as to the equities of the husband and wife in respect to it.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.