## M. GRAHAM v. J. E. HAWKINS ET AL.

1. To authorize the sale of land under the Probate Act of 1840, the administrator was required to obtain an order for sale, clear and specific in terms; and such order should be strictly pursued to pass title to the purchaser.

2. An order of the probate court under the act of 1840 for the sale of "so much land lying in Robertson county, and west of the Trinity river, as would pay the debts of the estate, amounting to about $1500 ;" *held*, void for uncertainty.

3. See this case for irregularities in a probate sale noticed in a collateral proceeding.

4. That one of the links in the chain of title of the defendant in possession is a quit-claim deed, when his deed and that of his vendor are warranty deeds, does not prevent his recovery upon his plea of *bona fide* purchaser, upon proof of the other requisites of such defense.

5. Where there was evidence introduced showing defects in proceedings which were requisite to the authority of the administrator to sell lands, the court, after instructing the jury that the law presumed everything legally necessary to have been done by the probate court, should have given the further charge that such presumption was overcome by facts which prove the contrary.

6. Against a defendant in possession holding under a warranty deed from a vendor who also claimed under a deed with warranty, it is error to charge the jury that the recitals in a quit-claim deed (of a remote vendor) were evidence of a prior unregistered conveyance (not recited in the same), as if such prior conveyance had been duly recorded.

7. The case of Burchard v. Rogers, 34 Texas, 441, limited.

ERROR from Ellis. Tried below before the Hon. Hardin Hart.

The appellees brought trespass to try title against appellant for three-quarters of a league of land, the headright of Littleton White, in Ellis county.

The appellant, Graham, pleaded not guilty, and that he was an innocent purchaser of 640 acres of the land.

Both parties claimed under the same title. The land was patented to Philip A. Sublett, assignee of L. White, April, 1847. March 1, 1842, Ph. A. Sublett conveyed to

V. M. Sublett the Littleton White certificate by warranty deed, and recorded June, 1853.

Glover, administrator of V. M. Sublett, conveyed the land to appellees October, 1844. This deed was recorded in 1852. In this connection was read a transcript of the proceedings in the estate of V. M. Sublett, noticed in the opinion.

Appellant deraigned title as follows: Quit-claim deed from Phil. A. Sublett to G. A. Sublett, dated August, 1849; deed from G. A. Sublett to Malcomb Smith, June, 1852, and from Smith to appellant, September, 1852. The last two being deeds with warranty. The appellant proved payment of purchase money.

The quit-claim deed from Ph. A. Sublett was as follows:

"Whereas, I, Philip A. Sublett, sometime in the year A. D. 1842, sold to Valentine M. Sublett two certificates, for one league and labor of land each, to-wit, the headright certificate of Littleton White and Live Dixon, and gave to the said Sublett my bond for an amount not recollected, conditioned that patents would issue upon said certificates; and whereas, the said Valentine M. Sublett died before the patents issued to said certificates; and whereas, said bond is now lost; and whereas, also, Geo. A. Sublett, brother of said Valentine M. Sublett, having caused said land to be surveyed and patented since the death of said Valentine; and the said Geo. A. Sublett appearing to be entitled to the benefits of said bond from me to the said Valentine, I do convey unto the said Geo. A. Sublett, his heirs and assigns, all my right, title, claim and interest in and to the league and labor of land, patented to me, as assignee of Littleton White, by the State of Texas, on the first day of April, A. D. 1847; and for a more perfect description of said land reference is hereby made to the accompanying patent of that date; to have and to hold the same granted premises, the said Geo. A.

Sublett, his heirs and assigns forever, in fee simple. Given under my hand and seal, this fifteenth day of August, A. D. 1849."

The court charged the jury, "that the recitals in the deed made by Philip A. Sublett to George A. Sublett carry legal notice of the prior conveyance by P. A. Sublett to V. M. Sublett; and that George A. Sublett and all other parties holding under that deed are affected by that notice as fully as if the prior conveyance from P. A. to V. M. Sublett had been placed upon record in the proper county immediately after its execution.

"2. That the law presumes that everything legally necessary was done by the Probate Court of Bowie county, with regard to the sale of the land by Glover, the administrator; and that the administrator took all the steps legally incumbent upon him."

Verdict and judgment for plaintiff, and defendants appealed.

*J. W. Ferris*, for appellant.

*A. A. Kemble*, attorney for appellees, cited 18 Texas, 198, McNally v. Chapman; 17 Texas, 148, Weathered v. Boon; 23 Texas, 676, Weathered v. Boon; 22 Texas, 574, Grumbles v. Sneed; 15 Texas, 415, Gilbeau v. Mays; 28 Texas, 53, Powell v. Haley *et al.*; 28 Texas, 793, McCulloch v. Renn; 32 Texas, 495, Menifee v. Hamilton; 30 Texas, 565, Portis v. Hill; 26 Texas, 235, Jones v. Muisbach; 26 Texas, 253, Martin v. Parker; 23 Texas, 469, McAlpine v. Burnett; 11 Texas, 140, Mayfield v. Rennick; 1 Story's Eq., § 400; Paschal's Digest, note 1092.

*Amzi Bradshaw*, attorney also for appellees, cited 3 Wheat., 449, Brown v. Jackson; 7 Peters, 252, Vattar v. Hinde; 10 How., 174, Hallett v. Collins; 34 Texas, 441,

Rogers v. Burchard ; 25 Texas, Sup., 323, Van Hook v. Simmons ; 2 How., 319, Grignon v. Astor ; 2 Peters, 157, Thompson v .Tolmie ; 11 S. & R., 422, McPherson v. Cunliff ; 27 Texas, 497, Withers v. Patterson ; 27 Texas, 79, Flannigan v. Pierce ; 18 Texas, 179, Alexander v. Maverick ; 6 Texas, 146, Tolliver v. Hubble ; 12 Texas, 449, Poor v. Boyce ; 6 Porter, 219, Wyman v. Campbell ; 4 Texas, 443, Lynch v. Baxter ; 13 Texas, 315, Howard v. Bennett ; 15 Texas, 506, Burdett v. Silsbee ; 19 Texas, 369, George v. Watson ; 26 Texas, 289, Null v. Cody ; 28 Texas, 734, Giddings v. Steele ; Paschal's Digest, Articles 1327, 1328, 1333 ; 32 Texas, 146, Peevy v. Hurt,

WALKER, J.—The plaintiff in error, Graham, was the defendant, with others, in the court below. The action is trespass to try title.

A summary of the title may be thus stated : In April, 1847, the land was patented to Philip A. Sublett, the assignee of Littleton White.

The defendants in error claim under a transfer of the headright certificate of White, by Philip A. Sublett, to V. M. Sublett, dated in March, 1842, and recorded in June, 1853, and by a decree of the probate court, and a deed from Martin Glover, as the administrator of V. M. Sublett's estate, dated October, 1844, and recorded ten years afterwards.

Graham, the plaintiff in error, claims 640 acres of the land by deed from Philip A. Sublett to George A. Sublett, dated August, 1849, and recorded in June, 1852 ; and by deed from George A. Sublett to Malcomb Smith, dated July, 1852, and recorded September, 1852, and by deed from Smith to himself, dated August, 1852, and recorded September, 1852.

The plaintiffs below, it will be seen, claim under a senior title ; but it is contended that their title is invalid ;

that no valid title passed under the decree of the probate court, and the sale by the administrator of V. M. Sublett. The sale does not appear ever to have been confirmed, and it is claimed that it was not made in accordance with the decree, and is therefore void.

The plaintiff in error also insists, that he is a purchaser in good faith for a valuable consideration, and is not chargeable with actual or constructive notice of the senior title. If this be true, a court of equity must protect him against an unrecorded senior title.

It is insisted for error, that the administrator's deed was improperly admitted in evidence, there being no confirmation of the sale. There can be no doubt that a sale of lands, under an order of a court of equity, requires the confirmation of the court, in order to make the deed binding.

It appears that this sale was made under the act of 1840, by which law administrators were required to make a return, under oath, of their accounts of sales within one month from the date of the sale.

The act of 1840 does not, in terms, require a confirmation of the sale, but unless such were the intention of the law, there was certainly no necessity for the return; but there was a manifest necessity for such a return for the protection of all parties interested in the estates of deceased persons, and it was necessary that the order of sale should be certain and specific, and strictly pursued. (Peters v. Caton, 6 Texas, 559.) In this case the court hold, that the power given to executors and administrators, to sell land under an order of court, is a personal trust which must be strictly pursued; and if transcended in any essential particular, their acts will be void. The same doctrine is laid down in Brown v. Christie, 27 Texas, 77; and the case of Peters v. Caton is approved.

In Brown v. Christie the court decide, that where a sale

by a guardian has been illegally made, but has been confirmed by the probate court, it cannot be collaterally questioned in a suit for the land brought by a party who, in good faith, derives his title under the purchaser at such sale.

But it is strongly intimated that a sale made, as in the case of Peters v. Caton, under the probate law of 1840, did not require to be confirmed by the probate court. If this be true, it is certainly different from the general rule, both of law and practice, in courts of equity. Yet the learned judge, deciding the case of Brown v. Christie, says: "It may be well said, where there is no confirmation of the sale by the probate court, that the sale by the administrator, like that of the sheriff, is a nullity if not made at the time and place prescribed by law."

There is no doubt that there were great irregularities in the proceedings of the probate court, as well as those of the administrator of the estate of V. M. Sublett.

There does not appear to have been any inventory, or appraisement, of any land belonging to the estate of V. M. Sublett, returned to the Probate Court of Red River county; the inventory was of land certificates and papers, yet the court ordered so much land lying in Robertson county, and west of the Trinity river, to be sold, as would pay the debts, amounting to some $1500.

There was no inventory nor return of sales, nor was there any confirmation of a sale ; but it does appear from the receipts of the county surveyor of Robertson county that there were files of land certificates in that county belonging to Sublett's estate, amounting to nearly thirty-four thousand acres, including the Littleton White certificate. The order of the court was so indefinite as to leave it to the discretion of the administrator to have sold any or all of this large amount of land, with just the same propriety as that which he did sell ; and it would seem

very difficult to determine that the action of the court
has ever been exerted in any legal manner over the land
actually sold.    We incline to think that an order so lati-
tudinous in its character and liable to abuse should be
held void for uncertainty.

It does not appear that the lands sold were properly
advertised.    The testimony of the administrator to this
point, after a lapse of thirty years, must be very unre-
liable.

Under the law as it existed at the time, the administra-
tor should have sold on a credit of one year ; yet his
deed shows that he sold for cash.

The charge of the court that the law presumed every-
thing legally necessary to have been done by the probate
court, was defective, and the court should have explained
at least that such presumptions are overcome by facts
which prove the contrary.

We think the court erred in charging the jury that
Graham, the plaintiff in error, was affected by notice of
the recitals in the deed from Philip A. Sublett to George
A. Sublett.

The truth is, Graham holds the legal title—the patent
issued to Philip Sublett, as the assignee of White, in
1847 ; he conveyed to George A. Sublett ; he to Smith,
and Smith to Graham.

The title of the defendants in error comes by a transfer
of the White certificate from P. A. to V. M. Sublett, in
1842, four or five years before the patent issued.

The most that the defendants in error can claim is an
equity under the transfer of the White certificate, upon
which the plaintiffs in error might be compelled to con-
vey the legal title.

And now as to this transfer of the White certificate
from P. A. to V. M. Sublett.    It does not appear to have
been filed in the General Land Office ; it was not recorded

in the county where the land lies until 1853, one year after Graham had bought six hundred and forty acres of the land.

As to the recitals in Graham's deed, they only refer to a conditional sale, and it does not appear that the conditions had been performed. The recitals are very vague and uncertain, and we do not think them sufficient to put Graham on inquiry. (See Wethered v. Boon, 17 Texas, 150.)

The defendants in error refer to the case of Rogers v. Burchard, 34 Texas, 442. The point relied on is, that a quit-claim deed conveys only the interest of the grantor at the time he makes it ; and that a party claiming under it cannot be deemed a *bona fide* purchaser, of any greater interest than his grantor had at the making of the deed ; and that a quit-claim deed cannot exclude the operation of a prior unrecorded deed. But we do not perceive the application of the principle to the facts in this case. Philip Sublett was the assignee of White ; the patent issued to him in 1847 ; he conveyed by a quit-claim deed to G. A. Sublett in 1849, who conveyed to Smith by warranty deed in 1852; and he conveyed to Graham. This makes a regular chain of title from the State down to Graham.

. The defendants in error claim an equity, going behind the patent, by virtue of the transfer of the certificate to V. M. Sublett, in 1842. This transfer did not accompany the certificate; was not filed in the Land Office, nor recorded, until Graham had purchased the legal title ; and we therefore think it clear that he is not affected by any notice of this prior equity set up by defendants in error. This question is settled on principle, in Love v. Berry, 22 Texas, 378. A purchaser at an administrator's sale of the legal title will be protected against an older equitable title. The court say, the principle is well settled, that

where one purchases from a party having the legal estate, without notice of the existence of any trust, such purchaser takes the estate freed from the trust.

We are clearly of the opinion that the appellant, in his title, is not affected by an equity going behind the patent, of which he had no actual or constructive notice, and he will be protected as an innocent purchaser, without notice.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.