[Opinion delivered June 21, 1880.]

---

MATHEW GRAHAM v. J. E. HAWKINS ET ALS.

(Case No. 2793.)

1. NOTICE — RECITALS IN DEED.— A purchaser holding under a conveyance which recites that a bond to convey the land to another had been made, that the party in whose favor it was made had failed to comply with its conditions, was dead, and the bond lost, is not, in the absence of actual notice, bound by such recitals to take notice of a prior unrecorded deed to the land.

2. SAME.— In the absence of evidence charging a purchaser with notice beyond the recitals of his deed, he has only notice of the facts which its contents import.

3. SAME.— A subsequent purchaser is bound by facts appearing as recognized by the recitals in the deed by his vendors, but he is not required to dispute their correctness; and if charged with notice of what does appear, he is authorized to assume the proposition contradictory to such recitals to be untrue. Notice by recitals in a deed is not notice of a state of facts contradictory to such recitals.

4. PRESUMPTION.— Probate courts are courts of general jurisdiction over the estates of deceased persons, and all presumptions are in favor of the regularity of their proceedings. In the absence of proof, after a long lapse of time, the law presumes the proceedings were all regular, and supplies the absence of any necessary fact to sustain the proceedings by the presumption that it existed at the time the proceedings were had, and it is not error to admit in evidence an administrator's deed over thirty years old, though no report of the sale is shown to have been made by the administrator.

5. CHARGE OF THE COURT.— It is error to charge the jury to take into consideration the recitals in a deed, in connection with other proof, when it does not appear that other evidence on that point was adduced on the trial.

APPEAL from Ellis. Tried below before the Hon. H. Barksdale.

This case was before the supreme court on a former appeal. Graham v. Hawkins, 38 Tex., 628. The report in that case gives a history of the facts upon which the controversy exists.

On a second trial, and in which the defendant Graham alone is interested in a tract purchased, the plaintiffs again recovered judgment.

On the trial the grant by probate court of Bowie county of letters of administration on estate of V. M. Sublett to Martin Glover was shown; bond and oath of office; inventory and sale of personal property; application for "permission to sell so much of the surveyed lands belonging to said estate, lying in Robertson county, west of the Trinity river, in Texas, as will pay said liabilities, say $1,500 more or less," and order of court for such sale, made July, 1844.

No return of the sale could be found in the office, though the amount of the sale of two leagues of land is carried into the final settlement. Depositions of the administrator were taken to the fact that such return of account sale had been made by him. A deed from Glover as administrator to the plaintiffs was read over objection.

The defendant showed patent to P. A. Sublett, assignee, his deed to Geo. A. Sublett, his deed to M. Smith, and Smith to defendant. A copy of the deed from P. A. to G. A. Sublett is given, as also the dates of the several deeds, in

the report in 38 Texas.   Defendant also proved payment in cash of the purchase money by him to Smith, and payment by Smith to G. A. Sublett.

The court instructed the jury: "That probate courts are courts of general jurisdiction over the estates of deceased persons, and that all presumptions are in favor of the regularity of their proceedings.   But such presumptions can be indulged only in the absence of proof and not against proof. You are further instructed that mere irregularities in the proceedings of the probate court do not affect the title of a *bona fide* purchaser at the administrator's sale, and the order of court cannot be impeached collaterally for such irregularities.   When the orders and proceedings of probate courts are not only irregular but are null and void, their nullity may be shown in any collateral proceeding where they are relied on in support of a claim of right."

"The question to be determined in this cause is whether the proceedings of the probate court, and the sale and the deed thereunder by the administrator of V. M. Sublett's estate, are merely irregular, or whether they are null and void."

"It is insisted by defendant's counsel that the order of sale is too vague and indefinite, in that it does not describe or point out any particular land to be sold, and that the sale of land by the administrator was not reported under oath to the probate court, nor approved by said court; and for these reasons it is argued that the proceedings of the probate court and sale thereunder by said administrator are null and void."

"In the absence of proof, after a long lapse of time the law presumes that the proceedings were all regular, and supplies the absence of any necessary fact to sustain the proceedings by the presumption that it existed at the time such proceedings were had.   This presumption, as before stated, cannot be indulged against the record itself nor against proof."

"You are instructed that, at the time of the sale of the land by said administrator, the law required him to report the sale

in a given time under oath to the probate court. Now, if the proof satisfies you that the order of sale did not direct the administrator to sell any particular tract or parcel of land, and that a sale was made by him under such order and never reported under oath to the probate court, nor approved by the court, then the proceedings are not only irregular, but null and void. The approval by the probate court of the final account of the administrator is not such an approval of the sale as will cure the omission to report the sale under oath under such circumstances."

After defining *notice*, and the facts necessary to support the plea of *bona fide* purchaser, the court further charged:

"You are further instructed that a party is bound to take notice of the recitals in his own deeds, and the recitals of others through whom he derives title, and if such recitals give notice to the party purchasing that there is an adverse claim to the land, he is bound to inquire into the same, and he is affected with notice thereof, and cannot under such circumstances be an innocent purchaser." . . .

"The question of notice is a question of fact, and from the recitals in defendant's chain of title, together with any other proof, you will determine whether he had notice, or not, sufficient to require him to make inquiry," etc. . . .

There was no registration so as to charge defendant with constructive notice. A further statement of the case is unnecessary.

The appellant, Graham, assigns errors as follows:

1. The court erred in permitting the deed from Martin Glover, administrator, etc., to plaintiffs, to be read in evidence.

2. The court erred in its charge on subject of notice (that above set out).

3. Error in refusing motion for new trial. (The motion urged: (1) the verdict was unsupported by the testimony; (2) not in accordance with the charge and with law; and (3) it was against law and evidence.)

*J. W. Ferris*, for appellant.

*A. A. Kemble*, for appellee.

A. S. WALKER, J.—1. We are not prepared to say that there was error in the action of the court touching the admission of the administration deed. The lapse of time from its date certainly adds weight to the presumption against irregularity in the proceedings. The order of sale was made in July, 1844; the trial below was had October, 1874; an interval of over thirty years existing between the act and the adjudication upon its effect. Besides, we do not see that the order was necessarily void for uncertainty. The two leagues may have been all the surveyed lands of the estate included in the order *west of the Trinity and in Robertson county;* and, if so, the order would be specific as to its objects. Taking the admission of the deed with the charge of the court upon the probate proceedings, the evidence, and the presumptions to be indulged in as explaining the conditions upon which the deed would pass title, we do not believe there was error, and the first assignment is not well taken.

2. The general charge on subject of notice is without fault. Nor is the rule as to recitals improperly given, as to what recitals were notice and their effect.

A careful examination of the statement of facts fails to show us any other testimony than the recitals in the deed from P. A. to G. A. Sublett affecting Graham, or tending to show any such fact within his knowledge charging him with notice. The court was, therefore, not warranted in telling the jury to act upon the recitals in his deed (and in the deeds in the line of his title), "together with any other proof." There was no other proof to this point; at least we find none in the statement of facts.

The jury probably considered this instruction as authorizing them to weigh the other testimony (irrelevant to this issue), as adding force to the recitals as evidence of notice.

. If the recitals were sufficient to charge the defendant with notice, the jury should have been so instructed, as was done on the former trial of the case. If not sufficient, as there was no other testimony to the point, it would have been proper to have so informed the jury in construing the effect of the deed.

On the first trial the court instructed the jury that the recitals charged defendant with notice of plaintiff's title, and that defendant could not be a *bona fide* purchaser.

But on appeal (38 Tex., 635), Justice Walker held otherwise, as follows: "As to the recitals in Graham's deed they only refer to a conditional sale, and it does not appear that the conditions had been performed. The recitals are very vague and uncertain, and we do not think them sufficient to put Graham upon inquiry." Wethered *v.* Boon, 17 Tex., 150.

The recitals are as follows: "Whereas, Philip A. Sublett sold to Valentine M. Sublett two certificates for one league and labor of land each, to wit, the headright of Lyttleton White and L. Dixon, and gave to the said Sublett my bond for an amount not recollected, conditioned that patent would issue upon said certificates; and, whereas, the said V. M. Sublett died before the patents issued to said certificates; and, whereas, said bond is now lost; and, whereas, also, Geo. A. Sublett, brother of said V. M. Sublett, having caused said land to be surveyed and patented since the death of said Valentine; and the said Geo. A. Sublett appearing to be entitled to the benefits of said bond from me to the said Valentine, I do convey unto the said Geo. A. Sublett," etc.

As there is no evidence of the purchaser being chargeable beyond the recitals in the deed, he had only "notice of the facts which its contents import." Cooke *v.* Bremond, 27 Tex., 460; McLouth *v.* Hurt, 51 Tex., 120. But it will be sufficient . . . if the recitals lead to the fact of which he is to be charged." Wade on Notice, § 313. See, also, 50 Tex., 323; 49 Tex., 62; 49 Tex., 463; 48 Tex., 411; 46 Tex., 123.

If the recitals are true, obscure as they are, they claim an equitable interest to have existed in the grantee, and the deed conveys to him the legal title, and shows want of equity and loss of paper evidence of title in the deceased, V. M. Sublett, at his death.

The subsequent purchaser, while bound by facts appearing as recognized, from the recitals in the deeds, by his vendors,

certainly is not required to dispute their correctness. If charged with notice of what does appear as facts, he would be necessarily authorized to assume the proposition contradictory to such recitals to be untrue; and if so authorized, notice in a deed by recitals is not notice of a contradictory allegation to such recitals. Do the recitals lead to *the deed?* The *conveyance* is called a *bond*, and it is stated to have been *lost*. Why search for it? The *onus* of the consideration of the bond had been borne by G. A. Sublett. If so, he is the equitable owner, and becomes the legal owner by the deed executed to him by the patentee.

From the charge by the court below it is evident the court regarded this matter of notice as one of fact, and that, in his opinion, the recitals, "with other proof," should be passed upon by the jury. It would not appear from this that the judge below considered the defendant, as *matter of law*, chargeable with notice; nor is there evidence that, *as a fact*, the court held the recitals sufficient evidence, or that such question was ever passed upon by the jury. The trial below does not, therefore, appear to have been upon the facts in evidence, and with the issues really made submitted to the jury.

We do not deem it best to give our opinion as authoritative upon the recitals. It is possible that, on a new trial, other testimony may be introduced really additional to the documentary evidence, or explaining the equities of Geo. A. Sublett in the land, inducing the conveyance to him.

In our opinion there was error in the proceedings below, for which the judgment should be reversed.

REVERSED AND REMANDED.