JEFF WORD, JR., ET AL. v. J. J. W. BOX ET AL.

(Case No. 2034.)

1. SEPARATE PROPERTY—EVIDENCE—See opinion for case in which this court could not say that the evidence was not sufficient to sustain a finding of the jury that the property in controversy was separate property.

2. HUSBAND AND WIFE—SEPARATE PROPERTY—NOTICE—REGISTRATION—INNOCENT PURCHASER—A tract of land was conveyed to B, and, after his death, his widow conveyed a portion of it to R for value; the deed reciting that the land was sold to pay debts. R knew that B was a married man when he purchased the tract. At the time R purchased there were instruments on record not in his chain of title, nor referred to in it, which tended to show that the land was the separate property of B. Defendants claimed through R. *Held:*

(1) In the absence of actual notice to the contrary, the facts were sufficient to raise the presumption and to induce the belief that the property was of the community estate of B and wife.

(2) The registration of the instruments, not in the chain of title which tended to show that the land belonged to the separate estate of B, did not affect R with notice of their contents.

(3) If R had notice that the land was the separate property of B, that fact could not affect defendants' right, if they, or any of those through whom they deraigned title from R, were purchasers for value without notice.

(4) If defendants, or those through whom they claimed, were innocent purchasers, and there were no debts or other facts which gave to the surviving wife the power to sell the common property, then they would be entitled to hold one-half of the land, whether it was the separate or community property of B.

3. SAME—See opinion for facts held not constituting notice.

4. LIMITATION—POSSESSION—EXTENT—The true owner of land, in the actual possession of a part, in law is deemed in possession of the entire tract so owned, unless some other person is in actual adverse possession of a part; but a person will not be deemed in possession of land which he does not own, from the mere fact that he may claim such land under a deed which also purports to convey land to which he thereby acquires title, and which he is in possession of, even though the tracts be contiguous.

5. SAME—COLOR OF TITLE—Mere color of title, unaccompanied by an actual adverse possession of some part of the land to which the color of title relates, is of no efficacy.

APPEAL from Anderson.  Tried below before the Hon. F. A. Williams.

The plaintiffs in the district court and appellees in this court, sued the defendants, Reagan and Word, the appellants, and a number of parties in an action of trespass to try the title to the John Arthur one-fourth of a league of land situated in Anderson county. The plaintiffs were the children of James E. Box and Mary Box, deceased, and claimed the land as devisees under the will of Jas. E. Box and as his separate property.

Mary Box claimed the land as community property, and the defendants, Reagan and Word, claimed one hundred and fifty-two acres of the tract under deeds from Mary Box to R. A. Reeves, and disclaimed title to the balance. They also claimed as purchasers in good faith for a valuable consideration, without notice of the plaintiffs' claim, and under the statute of limitations of three, five and ten years.

The jury returned a verdict for Mrs. McClung and Mrs. Woodard, two of the plaintiffs, and the court rendered judgment for them and verdict and judgment for the defendants, Reagan and Word, against the other plaintiffs.

The plaintiffs read in evidence a deed from James E. Box to William S. McDonald, agent of Leonard Kuhn, dated February 27, 1847, and reciting that Box, in consideration of $1,000, had sold and delivered to McDonald, as agent of Kuhn, the following land certificates, viz: One certificate for six hundred and forty acres, one for three hundred and sixty-nine acres and one for three hundred and twenty acres—in all 1329 acres, which McDonald was authorized to locate on vacant land in Anderson county, and apply for and receive patents from the state for Kuhn; also, a deed of mortgage from McDonald, agent of Kuhn, to James E. Box, dated February 27, 1847, and reciting that McDonald, as agent, had sold and delivered to James E. Box the above named certificates with the land to be surveyed under the same, and further reciting that McDonald, agent of Kuhn, had conveyed to

James E. Box, one-fourth of a league of land granted to John Arthur, and providing that the mortgage should be void on condition that Mc Donald, agent of Kuhn, should make good and valid title to Box for the Arthur headright, and have regularly proven up and recorded a power of attorney and transfer from Arthur to Kuhn for the same, and keep Box and his heirs in possession of the land.

The deed from McDonald, agent of Kuhn, to Box, for Arthur's headright above referred to, was also dated February 27, 1847, and recited that McDonald, agent of Kuhn, for the consideration of $1,000 paid him by Box, had sold, transferred and conveyed to Box the Arthur headright. All of these deeds were filed with the clerk for record at the same time.

*R. A. Reeves*, for appellants, that defendants were innocent purchasers for value, cited: Smith *v.* Boquet, 27 Tex., 507; Cooke *v.* Bremond, 27 Tex., 457; Wallace *v.* Campbell and Wife, 54 Tex., 87; Wilson *v.* Helms, 59 Tex., 683.

*John J. Word* and *Marsh Glenn*, for appellees, as to the evidence sustaining the finding that the land was separate property, cited: Hartley's Dig., Arts. 2410–2421; Oldham & White, Art. 1393; R. S., Art. 2851; Cameron *v.* Thurmond, 56 Tex., 31, 32; Trammell *v.* Neal, Posey's Texas Unreported Cases, 51, 56; Love *v.* Robertson, 7 Tex., 11.

On limitation, they cited: R. S., Arts. 3193, 3194, 3197, 3198, 3201; Trammell *v.* Neal, 1 Posey's Texas Unreported Cases, 55; Stegall *v.* Huff, 54 Tex., 197; Bracken *v.* Jones, 63 Tex., 184.

STAYTON, ASSOCIATE JUSTICE.—The jury found that the property in question was the separate property of James E. Box, through whom the plaintiffs claim by inheritance. The first and second assignments of error do not question the correctness of the charges of the court upon the matters referred to in them, but assert that the evidence did not justify the finding. The conveyances from Kuhn to Box, and from Box to Kuhn, as well as the hypothecation by Kuhn of the land certificates for the purpose of securing title to Box for the land conveyed to him, are ancient transactions; the persons who were present participating in them and doubtless aware of the real purpose and consideration for and on which they were executed having ·passed away, all having been executed at the same time, the recital of the same consideration in money for the conveyances from the one to the other with the proof that at that early day conveyances were frequently in exchange of one piece of property for another, the fact that the perfecting

of the title to the land conveyed to Box by Kuhn was secured by the hypothecation of the land certificates sold by the former to the latter on the same day, as well as the fact that the land certificates were the separate property of James E. Box, were facts to which the jury might look to determine whether the land in controversy was the separate property of James E. Box, and we cannot say that the evidence was not sufficient to sustain the finding.

The question was fairly submitted to the jury by a charge so clear that the jury could not have considered the evidence before them to have a weight to which it was not entitled; they were informed that the instruments, as matter of law, looking to their legal effect, did not show an exchange of property.

The third assignment simply, in effect, asserts that the evidence required a finding that the property was community estate between James E. Box and his wife, through whom the defendants claim through a deed executed by the wife after the death of her husband. This assignment has been disposed of in what we have said in regard to the finding of the jury, that the property was of the separate estate of James E. Box. The charge of the court upon the presumption to be indulged by the jury that the property was community property, from the fact that the conveyance from Kuhn to James E. Box was made during the marriage, and that the burden of proving to the contrary rested on the plaintiffs, was clear, and as favorable to the defendants as it could legally be made.

The fifth assignment of error, calls in question the sufficiency of the evidence to warrant the finding that R. A. Reeves, or the appellants, had notice that the property was the separate property of James E. Box at the time they purchased. R. A. Reeves, through whom the appellants claim, was acquainted with James E. Box as early as the year 1846; knew that he then lived upon the land, and was a married man, and that this state of facts continued until his death in 1851. The land was conveyed to Box by Kuhn, February 27, 1847, by a deed which recited a consideration of $1,000 then paid, with no fact stated in it which could cause any person even to suspect that this was not the real consideration.

These facts were sufficient to raise the presumption and to induce the belief that the property was, as it appeared to be, community property. After the death of James E. Box (on December 23, 1851), the executor of his will, in the exercise of power therein conferred upon him, joined by the widow, conveyed to Reeves, by a deed which recited the fact that the property was community property acquired during the marriage, a part of the tract not embracing the land in contro-

versy, and subsequently, the widow, the executor having died, conveyed to Reeves, by deeds dated of the years 1854 and 1855, the two tracts now in controversy, and these deeds recited the fact that these tracts were sold to pay debts. The evidence tending to show that the land, of which the tracts sold to Reeves were a part, were of the separate estate of James E. Box, consists of the following facts:

1. On the same day that Kuhn conveyed the land to Box, the latter conveyed, by a separate instrument, to the former, three land certificates, for a consideration, as recited, of $1000. This last deed is not in the record and we cannot know what description was therein given of the three land certificates, which, by other evidence, are shown to have been certificates issued to James E. Box, most probably for such considerations as would make them his separate property. So far as we can see from the record, there was no intimation of any fact which would cause any one to believe that the land certificates were the consideration paid by Box to Kuhn for the quarter of a league of land, of which that in controversy is a part, except that the two instruments were of the same date, between the same persons, and subscribed by the same witnesses.

2. The transfer of the quarter of a league, of which that in controversy is a part, from the original grantee to Kuhn, not having been properly proved or acknowledged for record, Kuhn, through his attorney in fact, who transacted all the business between Kuhn and Box, on the same day the two instruments before referred to were executed, by an instrument having the same witnesses, hypothecated the land certificates which Box had conveyed to Kuhn as a security for the completion and perfecting of the title to the land conveyed to Box. This instrument recited the sale of the land to Box, and the sale of the certificates to Kuhn, but there is no intimation in it as to what was the real consideration for either conveyance.

The three instruments referred to were filed for record on the same day they were executed. There is no evidence that R. A. Reeves ever saw the instrument made by Box, conveying the land certificates, nor the instrument by which they were hypothecated to Box, and it is certainly true that he would not be affected with notice, even of their contents, from the fact that they were recorded. They were not in his chain of title, nor did the deed to Box, through which he claims, in any way refer to them. He is shown to have paid value for the land, and we are of opinion that there was not sufficient evidence to show that he had notice of any fact which would cause him even to suspect that the land was not as the law, in the absence of evidence to the contrary from the facts shown to have existed, would presume it to be, community property of James E. Box and wife.

If Reeves, from any source, had notice that the real consideration paid for the land was the land certificates conveyed by Box to Kuhn, and that these were the separate property of Box, it could not affect the right of the appellants, if they, or any of those persons through whom they deraign title from Reeves, were purchasers for value without notice of the facts which would make the land the separate property of Box.

We find no facts tending to show notice of such facts to those persons, and we are of the opinion that the assignment under consideration must be sustained. We deem it unnecessary to discuss the sufficiency of the evidence to authorize a finding that the estate of James E. Box owed community debts at the time his widow conveyed the land in controversy to Reeves. If such debts then existed, and there were no facts known to Reeves or to those who claim through him, which would operate as notice that the property was the separate estate of James E. Box, if such was its real character, then, if the other facts necessary to constitute an innocent purchaser existed, the appellants would be entitled to hold the land they claim, although in fact it may have been the separate property of James E. Box.

If, however, the appellants, or those through whom they claim, were innocent purchasers, and there were no debts or other facts which gave to the surviving wife the power to sell the community property, then they would only be entitled to hold one-half of the land which they claim, whether the property was the separate or community estate of James E. Box. It appearing to be community property, in the absence of notice to the contrary, the rights of innocent purchasers must be determined by the same rules as though such was its real character. The possession on which the appellants rely, to sustain their plea of limitation, began in the year 1872, and at that time Mrs. Woodard was a married woman and so continued until the institution of this action.

Under these facts, if the character of possession held by the appellants was such as would put the statute of limitations in motion, it is evident that, as to her, there can be no bar. Wm. H. Box, one of the children of J. E. Box, died January 30, 1863, leaving one child, who is now Mrs. McClung, who was born August 30, 1861, and married in April, 1877. As to her, limitation would run from the time of her marriage, if the possession of the appellants was such as to support it. It is not claimed that the appellants have ever had any actual possession of the two tracts of land in controversy, which contain respectively twenty-five and forty acres of land, the same conveyed to Reeves by Mrs. Box in the years 1854 and 1855 ; they, however, pur-

chased these tracts, and a part of the tract which the executor of the will of James E. Box, and his widow conveyed to Reeves by the deed made in the year 1851. This purchase was by one deed made in the year 1872, and on that part of the land so purchased, which Reeves had acquired title to by the deed made to him in the year 1851, stood part of a cabin and perhaps part of a garden, the rest of the cabin and garden being on the land of another person.

After the purchase by the appellants, persons occupied the cabin through permission from them, with leave to use the fallen and dry wood. The appellants claim that such a possession of land, which they really owned, operated to give them possession of the two tracts in controversy, and so, from the fact that the three tracts were contiguous and conveyed to them by one deed. The rule is, that the true owner of land in the actual possession of a part, in law, is deemed to be in the possession of the entire tract so owned, unless some other person be in the actual adverse possession of a part; but it has never been held that one who has an actual possession of land which he owns, will be deemed in law to be in possession of land which he does not own, from the simple fact that he may claim under a deed which purports to convey land to him, to which he gets no title, as well as land to which he thereby acquires title, even though the tracts purporting to be conveyed be contiguous to that to which title passes.

This is well illustrated by the numerous adjudications between claimants of conflicting grants from the government. In such cases, to enable the junior grantee to sustain a plea of limitation, it is not enough that he show that he has had possession of that part of his grant not in conflict, but he must show an adverse actual possession of that part of his grant in conflict with the elder. Mere color of title, unaccompanied by an actual adverse possession of some part of the land to which the color of title relates, is of no efficacy.

The reasons for this are manifest. The true owner has the constructive possession or seizin, and his disseizin cannot be brought about without an actual adverse possession. If there be no disseizin the statute of limitation can. have no operation. By force of a statute, one entering upon the land of another, without color of title, who holds peaceable and adverse possession, may have a possession which, by construction of law, will extend to the statutory limit, though his actual possession be of a less area, but there can be no constructive possession, even when the claim is under color of title, unless there be an actual possession of some part of the land to which the mere color of title relates.

The appellants never actually occupied any part of the land in con-

troversy, and the statutes of limitation cannot be made operative under the facts proved, whether the land was of the separate or community estate of James E. Box.

We have not deemed it necessary to consider what would have been the effect of the very equivocal possession on which the appellants rely, had it been of the land in controversy; nor to consider what would have been the effect of laying off the tracts into blocks, lots and streets, leaving the only actual possession claimed on one single block.

For the reasons before given, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 22, 1886.]