## *MARY D. SANBURN v. MATILDA M. AND H. B. SCHULER.

### No. 167.

**1. Sale by Heir, the Apparent Holder of Legal Title.**—A husband acquired lands during coverture purchased with his separate estate. He died leaving no children, his widow and his sister surviving. The widow sold the land to a purchaser, who did not know that it was the separate property of the husband. In suit by the sister for half-interest against the vendee of the widow, *held*, that the purchaser from the widow took title.

**2. Same.**—There is no distinction as to a sale of land by one apparently authorized to sell, whether made before or after the death of the equitable owner. The purchaser in each case will be protected. The equitable title gains nothing by its descent to an heir.

**3. Notice of Equity.**—As against a purchaser for value from a widow, the sole heir of the community, it is of no consequence that such purchaser knew of the existence of collateral heirs, nor that a deed to the husband recited the payment of purchase money by him.

APPEAL from El Paso. Tried below before Hon. T. A. FALVEY.

*Millard Patterson* and *C. N. Buckler*, for appellant.—B. F. Deal having owned the whole of the lots in controversy, as his separate property, at the time of their purchase by him in January, 1885, and before and at the time of his death in May, 1885, and the appellant, his sister (plaintiff below), and Mrs. Tina Deal, his widow, being his only surviving heirs, one-half of said property would vest at the time of his death in appellant, and the other half in said Tina Deal; and there having been

---

* This and the succeeding cases did not come into the hands of the Reporter in their order.

no administration upon his estate, David Boyle, who purchased the whole of said property from Tina Deal in July, 1887, and Matilda M. Schuler, who purchased the same from him in September, 1887, only acquired an undivided one-half interest in said property, and would not be protected to the extent of the whole of the property by their ignorance of the fact that appellant had inherited an undivided one-half of it. Rev. Stats., arts. 1817, 1646 (sec. 2), 2851, 2852; Davis v. McCartney, 64 Texas, 587; Carter & Rust v. Conner, 60 Texas, 57; Claiborne v. Tanner, 18 Texas, 68; Johnson v. Harrison, 48 Texas, 261; Yancy v. Batte, 48 Texas, 50; Magee v. Rice, 37 Texas, 502; Wright, Exr., v. McGinty, 37 Texas, 733.

*Davis, Beall & Kemp,* for appellees.— 1. B. F. Deal having purchased the lots in controversy during his marriage with Tina Deal, by a deed of bargain and sale taken in his name, reciting a valuable money consideration paid by him, and nothing more, and David Boyle having purchased the property from Tina Deal after the death of her husband, B. F. Deal, for a valuable consideration, without notice that the money paid by B. F. Deal was his separate property, Boyle was justified in purchasing said lots as community property from Tina Deal as the only heir of the community estate of her said husband; and the deed from Tina Deal to Boyle and the deed from Boyle to Matilda M. Schuler vested a perfect title in said Schuler to the whole of said property. Rev. Stats., art. 1653; Word v. Box, 66 Texas, 598; Pouncey v. May, 76 Texas, 565; Cooke v. Bremond, 27 Texas, 459; Kirk v. Navigation Co., 49 Texas, 215; French v. Strumberg, 52 Texas. 109; Wallace v. Campbell, 54 Texas, 88; Parker v. Coop, 60 Texas, 114.

2. The recitations in the deed to B. F. Deal raising the presumption that the lots were community property, neither Boyle nor Schuler were thereby put on inquiry as to any equity B. F. Deal may have had in the property, but were justified and protected, if they or either of them innocently purchased it as community property, upon the broad ground that the deed could not be modified by evidence engrafting upon it a trust to the detriment of an innocent purchaser. Kirk v. Navigation Co., 49 Texas, 215.

3. The property appearing to be the community property of B. F. Deal and Tina Deal, in the absence of notice to the contrary the rights of innocent purchasers must be determined by the same rules as though such was its real character; and this principle applies to sales made by the husband or wife as well after as before the death of either. Word v. Box, 66 Texas, 601; Pouncey v. May, 76 Texas, 565; French v. Strumberg, 52 Texas, 110.

COLLARD, ASSOCIATE JUSTICE.—Action of trespass to try title, brought in the District Court of El Paso County on the 7th day of September, 1888, by the appellant, Mary D. Sanburn, against the appellees, Matilda

M. Schuler and her husband, H. B. Schuler, to recover an undivided half of lots 6, 7, 8, 9, and 10, in block 44, in the city of El Paso, according to the Hart survey.

Defendants answered not guilty; and specially, that Matilda M. Schuler is the owner of the lots in her own separate right; that she acquired the same on the 13th day of September, 1887, by purchase from David Boyle for $1550, paid by her to him, and that he on that date conveyed the same to her by warranty deed, duly recorded in El Paso County; and that Boyle acquired the same on the 20th day of July, 1887, from Mrs. B. F. or Tina Deal, by her warranty deed, for the consideration of $1550 cash paid by him to her, which deed was also duly recorded in El Paso County.

Defendants ask that Mrs. Tina Deal be made a party defendant, and in case of recovery by plaintiff, that defendants have judgment over against her; but Mrs. Deal was not served with citation and did not become a party.

The court below, no jury being demanded, gave judgment for defendants on the 19th day of May, 1890, from which plaintiff has appealed.

We find the facts as follows:

Barron F. Deal and Tina Deal were married in December, 1883.    Barron F. Deal died in May, 1885, having no children, his wife surviving him.    There was no administration upon his estate.    Plaintiff, who resides in Missouri, is a sister of deceased, and his only heir at law besides his wife.

On January 1, 1885, Barron F. Deal purchased the lots in suit from R. McKie, the latter executing to him a warranty deed reciting a consideration of $1000 in hand paid to him, the deed stating nothing further as to consideration.    This deed was duly recorded in El Paso County on the 1st day of January, 1885.

Mrs. Tina Deal, on the 20th day of July, 1887, conveyed the lots to David Boyle, by warranty deed, reciting a consideration of $1550 paid, which amount was in fact paid to Mrs. Deal as alleged by defendants, which deed was duly recorded in El Paso County July 22, 1887.

David Boyle, on the 13th day of September, 1887, conveyed the lots to Matilda M. Schuler, defendant, by general warranty deed, reciting a consideration paid by her of $1550, which sum was in fact paid at the time of the purchase.

Barron F. Deal paid for the lots out of his separate estate at the time he bought from McKie; that is, the latter conveyed him the lots and gave him $250 in money for his half-interest in a newspaper, the El Paso Herald, which half-interest in the paper he acquired in 1881, before his marriage.

Neither Boyle nor Mrs. Schuler had any actual knowledge of the fact that Deal's separate property was used to pay for the lots, at the time they respectively purchased, and had no notice of any kind as to the con-

sideration paid, except what may have been given by the recitals of the McKie deed; nor did either of them have any knowledge of plaintiff or her relationship to Deal. They knew nothing of these facts until about the time process in this suit was served.

The court below gave judgment for Mrs. Schuler, upon the ground that she and her vendor, Boyle, were innocent purchasers.

Appellant contends, that the doctrine of "innocent purchaser" does not apply in a case like this; that upon the death of Deal, without children, the lots being his separate estate, and there being no administration upon his estate, the title thereto vested immediately in his heirs at law, one-half to his surviving wife and the other half to his sister, the plaintiff.

This is the rule of descent in this State (Revised Statutes, article 1646); and unless some equity intervenes, the title cast by such descent must prevail, and plaintiff should recover.

It is also provided by statute, that in case of the death of the husband or wife without child or children, the title to their community estate is cast upon the survivor. Rev. Stats., art. 1653.

Upon the face of the deed to Deal, the lots appeared to be community, and as to persons dealing with the apparent owner in good faith for a valuable consideration, without notice, actual or constructive that it was the separate property of Deal, it would be held to be community. In other words, such persons would be innocent purchasers.

Where the *children* of a deceased father sued to recover land of persons who claimed through deed by the surviving wife, and the title was apparently in the community, it was held, that such persons paying value without notice that the land was the separate property of the father, would be protected as to one-half of the land as innocent purchasers; and if the sale by the surviving wife had been to pay community debts, defendants would be innocent purchasers for all the land. Word v. Box, 66 Texas, 596.

One Putnam purchased land with community funds during coverture, in 1845, the deed to which was lost; the wife died in 1846, leaving *children*, after which Putnam procured from the vendor another deed to himself, which made no reference to the original deed, but recited that the consideration was paid by him at the date of the last deed; Putnam conveyed part of the land for value to one who had no notice of the original transaction out of which the equities of the children arose; it was held, that the vendee of the father, in whom the title seemed to be in his separate right, was an innocent purchaser, and entitled to recover against the heirs of the mother. Pouncey v. May, 76 Texas, 565, 566.

John W. Stewart died intestate, leaving a wife and only daughter. He owned lands which he had in his lifetime and during coverture, paid for with his separate means, but the deeds gave no notice of such fact. After his death the surviving wife became indebted, and to secure the

debt executed a deed of trust to her creditor upon the lands, the creditor having no notice of the facts which constituted the land the separate estate of her husband. In a suit by the daughter, his only heir, it was held, that the creditor, who had bought the lands under the trust deed, was entitled to recover one-half of the land; that is, what by the deed to the husband and father apparently made community property. Kirby v. Moody, 84 Texas, 202. Upon the same principle, if there had been no child surviving, the creditor would have recovered all the land, as the law would in such case have cast the title to all the apparent community upon the surviving wife.

In the foregoing case, the court adopts and applies to the case the doctrine announced in Cooke v. Bremond, 27 Texas, 457, which was a sale by the husband, during the life of the wife, of apparent community land, though in fact the wife's separate property, acquired by gift.

Thus we see there is no distinction as to a sale of such property by one apparently authorized to sell, whether made before or after the death of the equitable owner, and that the purchaser will be protected in one case as well as the other. The fact that the title of the equitable owner has vested by death in an heir, is entitled to no more consideration than when it existed in such owner before death. French v. Strumberg, 52 Texas, 109, 110; Wallace v. Campbell, 54 Texas, 88, 89; Parker v. Coop, 60 Texas, 114, 115; Kirk v. Navigation Co., 49 Texas, 215; Rousel v. Stanger, 73 Texas, 671.

We do not think it is at all material whether Boyle or Mrs. Schuler knew that plaintiff was a sister of Deal or not at the time of their respective purchases, and it is not necessary to decide that a purchaser could or could not be protected by ignorance of the existence of heirs other than the one conveying. The community, as it appeared to be, descended to Mrs. Deal upon the death of her husband without children, and a purchaser from her in such case, paying value and having no notice that it was not community estate, would be an innocent purchaser.

But appellant says that Boyle and Mrs. Schuler were put upon inquiry of the facts that the lots were the separate property of Deal.

There is nothing in the deed that suggests the existence of any such fact; on the contrary, the deed upon its face is such a deed with an expressed money consideration as would, if true, constitute the lots the community of Deal and wife. Boyle was not bound to inquire of the vendor, McKie, because he lived in El Paso at the time of the purchase, in order to ascertain a fact not remotely indicated in the deed. No facts were communicated to Boyle or to Mrs. Schuler by the deed, or through any source, that gave notice of Deal's separate rights, or that put either of them upon inquiry. Kirk v. Navigation Co., supra; Cooke v. Bremond, supra; Montgomery v. Noyes, 73 Texas, 203.

The judgment of the court below is fully supported by the evidence, and is the only legal conclusion that could have been reached therefrom, and it is affirmed.

*Affirmed.*

Delivered April 26, 1893.

Motion for rehearing overruled. Error refused.