**RICKER et al. v. MURPHY et al. (No. 3120.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1925., Rehearing Denied Dec. 3, 1925.)

**1. Adverse possession ⊜∞100(1) — Owner of fee has constructive possession not destroyed except by hostile act amounting to ouster.**

A party holding legal title to land has constructive possession thereof, which remains with him until some hostile act amounting in law to an act of ouster destroys constructive possession, and fact that adverse claimant has a deed or color of title does not dispense with necessity of an adverse possession entirely inconsistent with claim of true owner.

**2. Adverse possession ⊜∞114(1) — Evidence held to show that except for small portion of tract there was no adverse possession inconsistent with claim of true owner.**

Evidence that adverse claimants paid taxes on land, but did not take possession except for selling some timber off it and building a cabin, which together with a small piece of land was rented out, and that tenant confined himself to such small portion, fails to show, except for portion rented, any dominion and control indicating a possession that was hostile, exclusive, or entirely inconsistent with claim of true owner.

**3. Adverse possession ⊜∞102—Renting of small portion of entire tract claimed held limited to amount leased.**

Where adverse claimant rented a small portion of tract claimed and built a cabin thereon and only such portion was cultivated by tenant, the possession of the adverse claimant through his tenant is only coextensive with the lease and not of entire tract.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Trespass to try title by W. H. Murphy and others against J. L. Ricker and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

The plaintiffs in the suit, W. H. Murphy and others, heirs of J. C. and M. E. T. Murphy, deceased, brought the action in trespass to try title to 410 acres of land of the Nathaniel Ricker survey in Marion county. The petition alleged ownership of the land in fee-simple title and by adverse possession under registered deed for more than 5 years. J. L. Ricker and Mary L. Ricker, as the heirs of Nathaniel Ricker, deceased, answered pleading general denial, and specially that they were the owners of the land, succeeding the patentee in title. R. D. Bowen intervened in the suit, claiming to be owner of a one-half undivided interest in the land by conveyance from the heirs of the patentee Nathaniel Ricker. The case was tried before the court without a jury, and in keeping with his special findings of fact the court entered judgment in favor of the plaintiffs for the entire tract of land sued for. The court's conclusion was:

"That plaintiffs have acquired title to the land in controversy by and under the five years' statute of limitations, and judgment will be entered for plaintiffs accordingly."

In 1860 a patent was issued to Nathaniel M. Ricker for about 410 acres of land on Big Cypress creek, in Marion county. Afterwards the patentee died. J. L. Ricker and Mary L. Ricker, appellants, are his surviving heirs. On January 7, 1896, J. L. Ricker and Mary L. Ricker executed a power of attorney to R. D. Bowen authorizing him to sell and convey the land, and in the same instrument granted and conveyed unto R. D. Bowen a one-half undivided interest in the land. The deed was duly registered on January 7, 1896. The plaintiffs offered in evidence:

(1) A letter from the Commissioner of the General Land Office addressed to W. Perry at Jefferson, Tex., of date October 30, 1860, reading:

"Yours of 24 inst. has been received. As requested I send you patent No. 189, vol. No. 15, to Nathaniel M. Ricker for 280 square varas."

(2) Proof of the death of W. Perry in 1868. (3) The inventory of the estate of W. Perry, reciting, among other property: "H. R. A. M. Ricker Marion county 430 acres." (4) Probate records of the qualification of Mrs. Perry, the surviving wife, as administratrix of the community property, and of the sale by her, as administratrix, of the 430 acres to William Perry. (5) Deed of trust on the land by William Perry to John C. Murphy, trustee, to secure Mrs. M. E. T. Murphy in the payment of a note for $1,899. (6) Proof of the sale of the land by the trustee to pay the note secured to Mrs. M. E. T. Murphy (the deed to Mrs. Murphy by the trustee was dated December 24, 1874, and was registered December 30, 1874). (7) Proof of the possession of the patent by Mrs. Murphy, but without any explanation of how she came into possession of it. The plaintiffs are the heirs of Mrs. Murphy, deceased.

The evidence shows that the taxes on the land have been regularly paid from 1877 to date of the suit by the appellees, but the evidence shows no entry on or possession of the land by them before or until the year 1918, except the single circumstance stated in the following words: "I have sold some timber off of it." It is not contended that possession of the land or any part of it began or commenced before and until 1918. It was shown that Mr. Atkins, one of the heirs and acting for all the heirs, had a two-room cabin built on the land in 1918, and then arranged with Gilbert Lowden to live in the house and to have the use of the land cleared and cultivated, as testified by Mr. Atkins, "I rented part of the land to Gilbert Lowden." The

entire tract was not leased to him. Gilbert Lowden cleared and fenced about 10 acres of the land and raised a crop thereon in 1918 and for five years afterwards; his wife doing most of the farm work. No other part of the land was fenced nor used for any other purpose, nor any other act of dominion done on it. The land is entirely in woods and is low overflow land bordering on the waters of Big Cypress. The court made the finding "that only a small part of the land in controversy is susceptible of cultivation; the most of it is subject to overflow." Gilbert Lowden was an employee at a sawmill about 1½ miles distant, and regularly worked there in the daytime during all the period of 7 years from 1918 to date of trial, except for a short period of time each spring, when he cultivated the 10 acres. The possession of the land by Gilbert Lowden and his wife during the time of their entry in 1918 until the suit was entered in 1924 was, as is made to appear, confined to the 10 acres cleared and occupied by them, as being the land rented to them. There is absence of any acts or circumstances reasonably amounting to use or dominion over, or indicating intention to use or possess, the land, beyond the 10 acres cleared by Gilbert Lowden.

Rowell & Rowell, of Jefferson, and I. C. Underwood, of Marshall, for appellants.

Schluter & Singleton, of Jefferson, for appellees.

LEVY, J. (after stating the facts as above). [1] The appellants challenge the sufficiency of the evidence to support a finding of adverse possession of the entire tract of land, coextensive with the boundaries of the deed, under the five years' statute of limitations. The appellants, as the court determined, holding the legal title to the land under the patentee, the constructive possession of the land was in them, and this constructive possession would remain with them as holders of the fee until some hostile act, amounting in law to an act of ouster, destroys this character of possession. Murphy v. Welder, 58 Tex. 235. The mere fact that appellees had a deed, even color of title, did not dispense with the necessity of a possession which is in some way hostile or adverse or entirely inconsistent with the claim of the true owner. Word v. Box, 66 Tex. 596, 3 S. W. 93.

[2] Except so far as pertains peculiarly to the 10 acres, whereon is located the cabin, there is an absence of any act or circumstances of dominion and control indicating possession that was hostile, exclusive, or entirely inconsistent with the claim of the true owner. It cannot reasonably be said from anything appearing in the evidence, by act or circumstances, that the possession of Gilbert Lowden was, or was intended to be, coextensive with the boundaries of the deed to Mrs. M. E. T. Murphy. The mere erection of the cabin is not sufficient; and the occupancy of the cabin, with use, and possession confined to the 10 acres occupied, in a way and manner indicating intention to carry the possession no farther than the inclosed part of the land, is not inconsistent with the true owner's claim to the entire tract.

[3] The utmost effect, it is believed, that can be given to the evidence, is that Mr. Atkins rented to Gilbert Lowden a part of the land, with defined limits less than the whole tract, and that Gilbert Lowden entered upon the land under the rental agreement as a tenant of appellees, and cleared and fenced 10 acres and used and occupied the same, making annual crops thereon, for more than five years. Mr. Atkins expressly stated, and it nowhere appears different, "I rented part of the land to Gilbert Lowden." While the "part of the land rented" is not definitely stated, it was intended to be such part as Gilbert Lowden cleared and fenced for cultivation. And it was to this particular 10 acres cleared and fenced that Gilbert Lowden, as tenant, confined his possession for the period of his tenancy, more than five years, and not exercising any dominion or control over any other portion of the tract. Whatever may be the right of appellees to the 10 acres, or even more, the right to the entire tract is not shown. The possession of appellees by possession of the tenant Lowden would only be coextensive with the bounds of the lease or rental agreement, and not with the whole tract.

Therefore the judgment is reversed, and the cause remanded for another trial.