WILLIAM RAWLINGS, Appellant, *v.* JOHN S. BAILEY et al., Appellees.

APPEAL FROM MORGAN.

In ejectment the declaration must specify the precise character of the estate claimed, whether it be in fee, for life, or for years.

The verdict in ejectment must also be equally specific, and follow the statute.

A guardian's deed is inoperative, unless the sale and conveyance has been reported to and approved by the circuit court. Such a deed does not constitute such a claim and color of title made in good faith, as is required by the limitation act of 1839.

THIS case is stated in the opinion. The cause was heard before WOODSON, Judge, at October term, 1853, of the Morgan Circuit Court.

D. A. SMITH, for appellant.

M. McCONNEL, for appellees.

,CATON, J. This was an action of ejectment, in which the plaintiff below declared for the west half of the south-east quarter of section two, in township fourteen, north of range ten west of the third principal meridian, containing seventy-seven acres. On the trial the plaintiffs showed a deed from the patentee for twenty-five acres off of the south end of the tract to "the heirs of Alvah Sweet," and proved that Alvah Sweet was dead, and that the plaintiffs were his heirs. The possession of the defendant was then admitted, and the plaintiffs rested.

The defendant then produced an order of the circuit court of Schuyler county, directing one Harvey, as guardian of the plaintiffs, to sell their interest in the land on the 20th of July, 1837, and that on that day, Harvey sold said twenty-five acres of land to one Joel Sweet, from whom the defendant derived title. The guardian never made any report or return of his proceedings or sale under the order to the circuit court; and no subsequent order was ever made, or action had by that court upon or in reference to that sale. The defendants further proved that Joel Sweet, and those claiming under him, had from the year 1837 up to the commencement of this suit (1852), been in the

actual possession of the premises by residence thereon. The defendant here rested. The court found the defendant guilty, and rendered judgment for the plaintiffs; but without specifying either in the judgment or the verdict, the estate in the premises to which the plaintiffs was entitled.

We are clearly of opinion that neither the declaration nor the finding in this case entitled the plaintiffs to a judgment. Neither specify the estate to which the plaintiffs were entitled in the premises. The eighth section of our ejectment law first declares what the declaration shall state when the suit is brought to recover dower, and then proceeds: "In every other case the plaintiff shall state whether he claims in fee, or whether he claims for his own life, or the life of another, or for a term of years, specifying such life or the duration of such term." This statute was under the consideration of this court in the case of Ballance *v.* Rankin, 12 Ill. 420. After adverting to the provisions of the statute, the court said: "The declaration apprises the defendant of the precise character of the estate sought to be recovered against him. If he finds he cannot successfully resist the claim, he may let judgment pass by default, and thus save the expense and trouble of further litigation. Or if he chooses to make a defence he has only to come prepared to meet and resist a particular and not a general claim. But if the statute is to be regarded as directory merely, and the plaintiff is not bound by the averments in his declaration, those provisions will become wholly inoperative, and cease to answer any useful or practical purpose. The plaintiff will declare generally in all cases, and a contest will be unavoidable whenever he is not entitled to an estate in fee to the whole of the premises described in the declaration." This declaration does not specify what interest or title the plaintiff does claim in the premises, while the statute declares that he shall specify such claim, whether it be in fee for, life, or years.

The finding or verdict of the court was altogether defective, and did not authorize a judgment upon it. The seventh clause of the twenty-fourth section provides that, "The verdict shall also specify the estate which shall have been established on the trial by the plaintiff in whose favor it shall have been rendered, whether such estate be in fee, for his own life, or for the life of another, stating such lives; or whether it be for a term of years, specifying the duration of such term." This the verdict did not do, and hence the court could not know from the verdict what judgment to render, establishing the plaintiffs' title in the premises.

We think the court decided properly in rejecting the evidence

of title set up under the guardian's deed.   No return of that
sale and conveyance was ever made by the guardian to the cir-
cuit court, and no order was ever passed by that court approving
of and recording a return of the guardian.   This precise ques-
tion was directly up and decided by this court in the case of
Young v. Keogh, 11 Ill. 642, where we held that " the approval
and recording of the return " vest in the purchaser the interest
of the ward in the premises, and without such approval and
recording of the return, no title passes by the deed.   That deed
was inoperative and was properly rejected.

Nor, according to the case of Irving v. Brownell, 12 Ill. 402,
does this deed constitute such a " claim and color of title made
in good faith," as is required by the limitation law of 1839, to
protect the defendant in his possession.   The court there said :
" By the words ' claim and color of title made in good faith,'
must therefore be understood such a title as tested by itself
would appear to be good — not a paramount title, capable of
resisting all others, but such an one as would authorize the
recovery of the land when unattacked, as no better title was
shown; that is, a *primâ facie* title."   The guardian's deed did
not constitute a *primâ facie* title, as we have already seen.   It
conveyed no more title than would the deed of a married
woman without any acknowledgment.   Something else must
be shown to exist in connection with it in order to pass the
title; so that it is unnecessary to inquire whether the defendant
had continued in the possession and paid the taxes, so as to
entitle him to the protection of that statute, if he held under a
sufficient title.

The decree of the circuit court must be reversed, and the
cause remanded.

                                      *Judgment reversed.*