THOMAS J. THURMOND v. HENRY TRAMMELL AND WIFE.

In a suit to recover a slave, the declarations of a third party, through whom the plaintiff does not derive title or possession, and who does not appear ever to have had title to or possession of the said slave, are not admissible in evidence.

Where illegal testimony has been improperly received, which, in connection with the charge of the court, may have influenced the minds of the jury, the judgment will be reversed.

ERROR from Gonzales.   Tried below before the Hon. Fielding Jones.

Suit by plaintiff in error, to recover a slave, alleged to have been hired from him, by the defendants in error, jointly ; and also to recover a balance due for the hire of the said slave, after allowing credit for an amount paid to the plaintiff's agent, and for which a credit had been given to them by the plaintiff, on account of the said hire.

Defendants answered, that the plaintiff was not, and never had been, the owner of the slave sued for; but that said slave was the separate property of the defendant, Julia Ann Trammell, by virtue of a verbal deed of gift from her grandfather, Richard Thurmond, made in the State of Arkansas, in the year 1832 or 1833 ; that the plaintiff never claimed said slave, until after his marriage to his second wife, (who was not the mother of the defendant, Julia,) and a short time before the commencement of the suit; that they had never paid hire for the said slave, but that the plaintiff had wrongfully mortgaged her, a short time before defendants' marriage, after which the defendant, Julia, paid the mortgage, and since that time the said slave had been in their possession.

It appeared, from the statement of facts, that the plaintiff was the father of the defendant, Julia Ann Trammell.   Upon the trial, a witness (Pennington) for the defendant, was permitted, notwithstanding the plaintiff's objection, to testify, that " he "had heard the plaintiff's father, Richard Thurmond, say, in

17

"Arkansas, in 1831 or 1832, that he had given the slave, now "in controversy, to the defendant, Julia; and that he under-"stood that said R. Thurmond willed said slave to her:" upon cross-examination, the witness said, " that he had understood "said will was broken, by suit, by plaintiffs or defendants, in "Arkansas."

*H. S. Parker,* for plaintiff in error.

*Mills,* for defendants in error.

WHEELER, CH. J.   We think the court erred, in admitting as evidence, the statements of the witness, Pennington, objected to by the plaintiff.   It was not proved, or proposed to be proved, by any witness, that the title or possession of the negro was ever in Richard Thurmond, the grandfather of the defendant, Mrs. Trammell; nor does it appear that the plaintiff derived, or claims to have derived, title or possession from him.   His declarations, deposed to by the witness, and what the witness understood, as to his having willed the slave to the defendant, were but hearsay; and they do not come within any exception to the rule, which forbids the introduction of the declarations of third persons, not produced as witnesses, as hearsay.

We cannot say what influence these statements of the witness may have had upon the minds of the jury; especially, in connection with the charge of the court, that if the jury believed the negro was given to Mrs. Trammell, by her grandfather, they should find for the defendant.   There was no other evidence of such gift; and under the charge of the court, we cannot say, that the jury did not find their verdict upon this evidence.

The judgment must therefore be reversed, and the cause remanded for a new trial.

                    Reversed and remanded.