## JEFFERSON KOON

*v.*

## JUDSON D. NICHOLS.

1. EJECTMENT—*of the finding and judgment of the court—whether sufficient.* In an action of ejectment, the cause being tried without a jury, the court found, merely, the issue for the plaintiff, and thereupon rendered the following judgment: "And said suit having been brought for the recovery of the fee simple in the following described messuage, to wit (describing the land), it is therefore ordered and adjudged by the court that the said plaintiff recover of the said defendant the premises as aforesaid described, and that he have a writ of possession therefor:" *Held*, that the finding and judgment of the court were defective, in not specifying the estate to which the plaintiff was entitled in the premises.

2. It being insisted that the judgment, taken all together, showed with sufficient certainty that an estate in fee simple was recovered, the recovery named in the judgment was regarded as being merely of the *premises*, as described in the declaration, with no reference whatever to the *estate* in the premises, as described in the declaration.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of ejectment, in which the sufficiency of the finding and judgment is questioned.

Mr. C. R. STARR, for the plaintiff in error.

Mr. WILLIAM POTTER, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The declaration in this case stated that the plaintiff claimed the premises in fee simple.

The cause was tried by the court without a jury. The court found, merely, the issue for the plaintiff. The judgment thereupon was as follows: "And said suit having been brought for the recovery of the fee simple in the following described messuage to wit: the south half of the east half of the southwest quarter of section 8, in township 31 north, range 11 east, third principal meridian, it is therefore ordered and adjudged by the court that the said plaintiff recover of the said defendant the premises as aforesaid described, and that he have a writ of possession therefor."

The finding and judgment of the court were defective in not specifying the estate to which the plaintiff was entitled in the premises. *Rawlings* v. *Bailey et al.* 15 Ill. 178; *Patterson* v. *Hubbard et al.* 30 Ill. 201.

The 7th clause of the 24th section of our ejectment act provides that "the verdict shall also specify the estate which shall have been established on the trial by the plaintiff, in whose favor it shall have been rendered, whether such estate be in fee, for his own life, or for the life of another, stating such lives, or whether it be for a term of years, specifying the duration of such term."

It is claimed that the judgment, taken all together, shows with sufficient certainty that an estate in fee simple in the premises was recovered.

But we regard the recovery named in the judgment as being merely of the *premises*, as described in the declaration, with no reference whatever to the *estate* in the premises, as described in the declaration.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*