### TURNER et al. v. POPE et al.†

(Court of Civil Appeals of Texas. Galveston. April 28, 1911. Rehearing Denied May 18, 1911.)

1. TRESPASS TO TRY TITLE (§ 47*)—PROCEEDINGS—JUDGMENT.

Where the plaintiffs in trespass to try title show title to one half of the survey in controversy, and each of two defendants shows title to an equal part of the other half, and there is no evidence showing the relative values of the plaintiffs' one-half and the defendants' one-half, or of any agreement by plaintiffs' grantors to a partition attempted to be made by defendants' predecessors, the court is not authorized to adjudge that defendants have title and possession of the particular quarters claimed by them respectively.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

2. PARTITION (§ 3*)—BY ACT OF PARTIES.

A partition of land by one owner, without the consent of the other parties interested, cannot be sustained, unless it is shown that it is just and equitable.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 3; Dec. Dig. § 3.*]

3. TRESPASS TO TRY TITLE (§ 34*)—PROCEEDINGS—JUDGMENT—EFFECT OF DISCLAIMER.

Where each of two defendants in trespass to try disclaim as to the west half of a survey, and claim title to a particular one-fourth of the east half, basing their disclaimers upon a belief that their deeds conveyed title to the particular quarters claimed, and it is found that plaintiffs are entitled to an undivided half of the survey, defendants' disclaimers will not have the effect to give the plaintiffs an undivided one-half of the east half of the survey.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 34.*]

4. APPEAL AND ERROR (§ 839*)—SCOPE OF REVIEW—JURISDICTION OF PARTIES NOT APPEALING.

An appeal by plaintiff in trespass to try title brings the entire case and all the parties before this court, and the court has the power to render such judgment as will protect all the parties against any accidental injustice which might spring from the judgment of the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3294, 3295; Dec. Dig. § 839.*]

5. JUDGMENT (§ 17*) — NOTICE TO SUSTAIN JUDGMENT — SUFFICIENCY OF SERVICE OF PROCESS.

Where a default judgment, in an action in which land was levied upon and sold, recited that the original citation to defendant therein, who was a nonresident, and the return thereof, accompanied with the affidavits of a publisher, showing the publication of the citation, had been lost, and that judgment was rendered on a substituted copy of the citation, the judgment was void, and passed no legal title to property sold.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

6. EXECUTORS AND ADMINISTRATORS (§ 375*)—CONVEYANCES—CONFIRMATION OF SALE.

A certificate of acknowledgment of administrator's deed, taken before the judge of the court that ordered the sale, and signed by such judge, acting officially, reciting the acknowledgment of the deed, and declaring, "It is therefore decreed that the foregoing deed be according to law," was a sufficient confirmation of the sale by the court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1529–1538; Dec. Dig. § 375.*]

Error from District Court, San Augustine County; W. B. Powell, Judge.

Trespass to try title by Allie Turner and others against John H. Pope and others. Judgment for plaintiffs for a part of the land in controversy, and judgment for defendants as to a part, and plaintiffs bring error. Reversed and remanded, with directions.

L. A. Hill, for plaintiffs in error. W. D. Gordon, for defendants in error.

PLEASANTS, C. J. This is an action of trespass to try title brought by plaintiffs in error against the defendants in error, John H. Pope and Mrs. M. H. Blanchard and husband, C. E. Blanchard, and a number of other defendants, to recover title and possession of the Elias Bowker one-fourth of a league survey of land situated in San Augustine county.

The defendant M. H. Blanchard, joined by her husband, C. E. Blanchard, disclaimed as to all of the land in controversy, except the east one-fourth thereof, containing 276¾ acres, which they described by metes and bounds, and as to which they pleaded not guilty. The defendant Pope disclaimed as to all of the land, except the west half of the east half of the survey containing 276¾ acres, which he described by metes and bounds, and as to which he pleaded not guilty. He also pleaded in the alternative that in event he failed to show title to the particular one-fourth of the survey described in his answer that he is the owner of an undivided one-half of the survey, and asked to recover same, and for partition. The other defendants disclaimed any right, title, or interest in or to any of the land, and judgment was rendered in favor of plaintiffs against them on their disclaimer.

The case, as between the plaintiffs and the defendants in error, was tried by the court without a jury, and judgment was rendered in favor of plaintiffs for the west one-half of the survey, and in favor of the defendants in error for the tracts claimed by them respectively.

The record discloses the following facts: The one-fourth league of land in controversy was granted by the state of Coahuila and

Texas to Elias Bowker on June 22, 1835. Elias Bowker died in Texas in 1837, and his estate was administered by A. G. Kellog, who was appointed administrator of said estate by the probate court of San Augustine county, and duly qualified as such. At the August term, 1837, of the court before mentioned, said administrator was ordered by the court "to sell all of the property of Elias Bowker, deceased, both real and personal, giving due notice of the same." Acting under this order of sale, the administrator sold the one-fourth league of land in controversy to N. D. Young, and executed his deed therefor on October 18, 1838. No report of this sale appears to have been made to the probate court, and no formal order of confirmation is shown.

The deed from the administrator to N. D. Young was acknowledged before the chief justice of San Augustine county, the judge of the court in which the administration was pending. The certificate of acknowledgment, after the formal recitation of the acknowledgment by the grantor that he executed the deed for the consideration and purposes therein expressed, contains the following: "It is therefore decreed that the foregoing deed be according to law." Then follows the attestation under seal and official signature of the officer, as chief justice of the county court, and ex officio notary public for San Augustine county.

N. D. Young died intestate January 3, 1856, leaving as his only heirs his sons, Jehu L. Young and E. M. Young. E. M. Young died in December, 1867, leaving a will which was duly probated in McLennan county, and in which Dr. James Houston was named as executor. Acting under an order of the county court of McLennan county the executor sold the undivided one-half interest of E. M. Young in the Elias Bowker survey to Charles I. Polk. This sale was reported to and confirmed by the court, and the executor executed a deed to Polk, conveying the land so sold, on June 19, 1872. Plaintiff, through regular chain of conveyances, hold the title thus conveyed to Polk.

On June 30, 1868, James Houston instituted a suit in the district court of McLennan county against Jehu L. Young, alleging that said Young, who was a nonresident of Texas and resided in the state of Louisiana, was indebted to him in the sum of $609.10 and interest due on account, and praying for citation by publication, and upon final hearing for judgment against said defendant for the amount of said account with interest. Citation was issued on this petition on the 19th day of October, 1868, and was published in the Waco Examiner, a newspaper published in the county of McLennan, for four successive weeks prior to the return day thereof. A writ of attachment was also issued in said suit on October 20, 1868, and was levied on the undivided interest of Jehu L. Young in the Elias Bowker survey. On December 13, 1871, the district court of McLennan county rendered judgment in said suit in favor of the plaintiff against the defendant, Jehu L. Young, for the amount claimed by him, and foreclosing the attachment lien. The undivided interest of Jehu L. Young in the Elias Bowker one-fourth league survey was sold by the sheriff of San Augustine county under this judgment to Miss D. K. Houston on October 1, 1872, and a deed therefor executed to her. Plaintiffs, through regular chain of conveyances, have acquired the title of Miss Houston in the land in controversy.

On June 26, 1871, Elizabeth B. Maybin, who was a sister and heir at law of Elias Bowker, and who had theretofore obtained by purchase the title of all of the other heirs of said Bowker, executed a partition deed with Jehu L. Young, by which she conveyed to said Young the west one-half of the Elias Bowker one-fourth league, and said Young conveyed to her the east one-half of said survey. This deed recites that it is executed in settlement and compromise of a dispute between the parties as to the ownership of the Elias Bowker one-fourth league survey. Mrs. Maybin, joined by her husband, on May 5, 1876, conveyed the west one-half of the east half of Elias Bowker survey, being 276¾ acres, to J. H. and J. F. Starr. Defendant Pope has acquired and now holds the title conveyed by this deed to J. H. and J. F. Starr, and the land described in said deed is the land claimed by said defendant in this suit.

The 276¾ acres of land contained in the east one-half of the east half of the survey described and claimed in the answer of defendants Blanchard was conveyed to Mrs. Blanchard by Mrs. Maybin on July 31, 1877. The judgment in the district court of McLennan county, in the suit of James Houston v. Jehu L. Young, before referred to, was a judgment by default, and contains the following recitals as to service of citation to defendant: "1582. James Houston v. Jehu L. Young. This cause coming on to be heard on this, the 15th day of December, A. D. 1871, the defendant failed to appear and answer, but wholly made default; thereupon the plaintiff in person filed his motion, supported by his oath, showing the loss of the original citation herein and the return of the sheriff thereof, and thereon; and further showing said citation was published for four successive weeks in the Waco Examiner, a weekly newspaper published in the town of Waco, McLennan county, prior to the return day mentioned in said writ, which was the return day of the fall term, A. D. 1868, of this court, and that S. M. Glenn, then deputy sheriff of said county, now deceased, and that his principal was also dead, executed said writ and made an indorsement thereon showing that it had been published as aforesaid, and also exhibiting and making a part of said motion the affidavit of the publisher of said newspaper with a copy of the pub-

lication of said citation attached, and praying for the substitution of said original, and return thereof and thereon as aforesaid; which motion was considered and granted by the court."

The following are certified copies of the affidavit of the publisher and the citation found with the papers in the case. No other citation or affidavit of the publisher is found, or is shown to have ever been with the papers in said cause.

"The State of Texas, County of McLennan. Before me, the undersigned authority, personally appeared J. W. Downs, to me known, who upon oath states that in the month of October, A. D. 1868, he was publisher proprietor of the Waco Examiner, a newspaper published in Waco in said county and state; and that for four successive weeks the citation hereto attached in cause of James Houston v. John L. Young, was published in said Waco Examiner. J. W. Downs.

"Sworn to and subscribed before me in open court, this 14th day of December, 1871. D. F. Davis, Clerk D. C., McL. Co., by John L. Dyer, Deputy."

"The State of Texas, to the Sheriff of McLennan County—Greeting: Whereas, James Houston has filed in my office his petition against John L. Young, alleging in substance as follows, to wit: That the said Young is indebted to him in the sum of six hundred and nine dollars and ten cents ($609.10–100) with interest thereon, as shown by account marked 'Exhibit A,' and filed with and made a part of said petition. Praying for citation by publication, for writ of attachment, judgment for his said debt, etc.; and whereas, said petitioner has filed with his said petition his legal affidavit, setting forth therein that the said John L. Young is a nonresident of the state of Texas: Therefore you are hereby commanded that you summon by publication, as the law directs, the said John L. Young, to be and appear before the honorable district court of McLennan county, at the next regular term thereof, to be begun and holden at the court house in the city of Waco, on the twelfth Monday after the first Monday in September, A. D. 1868, then and there to answer said petition. Hereof fail not, but due service and return of this writ make.

"Witness J. H. Manahan, clerk of the district court of McLennan county. Given under my hand and the seal of said court, at my office in Waco, this the 19th day of October, A. D. 1868. J. H. Manahan, Clk. D. C., McLennan County, Texas, by S. A. Reavis, Deputy."

There is no evidence showing the relative values of the east and west halves of the Elias Bowker survey, nor of the respective halves of said east half claimed by defendants in error.

[1] The first, second, and third assignments of error complain of the judgment of the trial court, adjudging the defendants in error entitled to hold the title and possession of the particular tracts of land claimed by them respectively. The ground of this complaint is, in substance, that, there being no evidence showing the relative values of the tracts claimed by defendants in error and the west half of the survey adjudged to plaintiffs, or showing any agreement on the part of plaintiffs, or their predecessor in title, E. M. Young, to the partition of the survey made by Mrs. Maybin and Jehu L. Young, and each of defendants in error having at most only acquired title under Jehu L. Young to an undivided one-fourth of the survey, the court was not authorized to award them title to the particular tracts of land claimed by them respectively.

We think these assignments should be sustained. We agree with the trial judge in the conclusions that the sale and conveyance by Albert G. Kellog, administrator of the estate of Elias Bowker, of the survey of land in controversy passed the title to said survey to N. D. Young, the grantee in said administrator's deed, and that the judgment in the case of James Houston v. Jehu L. Young was void for want of service of citation upon said defendant, and therefore no title passed by the sale under said judgment of the undivided interest of said Young in the survey acquired by inheritance from his father, N. D. Young. There having been no partition by the heirs of N. D. Young, or their vendees, it follows that defendants in error, who claim under Jehu L. Young, only acquired legal title to an undivided interest in the survey. While Jehu L. Young, by the terms of his deed, conveyed to Mrs. Maybin the east half of the survey, he did not own that half, but an undivided half of the survey, and therefore the deed only conveyed title to the undivided interest in the land owned by him.

[2] This partition of the land by Jehu L. Young, without the consent of the owner of the other undivided interest, cannot be sustained, unless it is shown that the partition so made was a just and equitable division, and that the east one half deeded by Young to Mrs. Maybin did not exceed in value the remaining half. The burden of this showing was upon those asserting title under Jehu L. Young to the east half of the survey, and, in the absence of evidence of the value of the respective halves of the survey, the judgment of the court awarding defendant in error title to the east half cannot be sustained. McKey v. Welch, 22 Tex. 396; Arnold v. Cauble, 49 Tex. 527; Talkin v. Anderson, 19 S. W. 350; Broom v. Pearson, 98 Tex. 469, 85 S. W. 791; Boston Franklinite Co. v. Condit & Torrey, 19 N. J. Eq. 394.

[3] The fourth assignment of error complains of the judgment on the ground that, defendants having disclaimed title to the west half of the survey, plaintiffs were entitled to recover said half on the disclaimer, and

the court having found facts which show that plaintiffs had title to an undivided one-half of the entire survey they were, under this finding, further entitled to recover an undivided one-half of the east half of the survey.

We do not think this assignment should be sustained. Defendant Pope pleaded in the alternative that, in event the court found that he was not entitled to recover the particular tract of land claimed by him, he have judgment for an undivided one-fourth of the entire survey. The court gave him judgment for the tract of land claimed by him, and it would have been manifestly unjust, under the facts shown by the evidence, to have rendered judgment for plaintiffs for one half of the land claimed by Pope, and also judgment against him on his disclaimer of any title to the west half. The same is true of the defendants Branchard. While they did not plead in the alternative, it is clear that their disclaimer of interest in the west half of the survey is based upon their belief that their deed to the particular tract of land claimed by them conveyed title to said tract.

[4] In these circumstances a reversal of the judgment awarding the defendants in error title to the particular land claimed by them should not leave them bound by their mistaken disclaimer of any title or interest in the balance of the survey; plaintiffs having failed to show any title, except to an undivided one-half of the survey, and defendants showing title to an undivided one-half thereof. The appeal by plaintiffs in error brings the entire case and all the parties before this court, and in reversing the judgment of the court below this court has the power to render such judgment as will protect all the parties against any incidental injustice which may be occasioned by granting plaintiffs the relief to which they are entitled. Thompson v. Kelley, 100 Tex. 536, 101 S. W. 1074.

[5] Under appropriate assignments of error, plaintiffs in error assail the conclusion of the trial court that the judgment of the district court of McLennan county, in the case of James Houston v. Jehu L. Young, was void for want of service of citation to the defendant in said suit. Under these assignments it is contended that said judgment being the judgment of a domestic court of general jurisdiction, and it not appearing from the judgment itself that it was rendered without proper service upon the defendant, the judgment is not void and not subject to collateral attack, on the ground that there was no service upon the defendant.

We cannot agree with plaintiffs' in this contention. The recitals in this judgment, before set out, show that the original citation and the return thereon had been lost, and plaintiff was allowed to substitute a copy thereof, accompanied with the affidavit of the publisher, showing the publication of the citation. The substituted copy of the citation found in the record, and which the affidavit of the publisher shows was a copy of the citation published, is a citation to Jehu L. Young. The judgment recites that it was rendered upon this citation and this being the state of the record said judgment was void, and the sale thereunder passed no title to the property sold. Treadway v. Eastburn, 57 Tex. 209; Heck v. Martin, 75 Tex. 469, 13 S. W. 51, 16 Am. St. Rep. 915; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Lutcher v. Allen, 43 Tex. Civ. App. 102, 92 S. W. 572.

[6] This disposes of all the material questions presented by the brief of plaintiffs in error. Defendants in error very earnestly insist that the judgment of the court below should be affirmed, because the sale by Kellog, administrator of the estate of Elias Bowker, not having been reported to and confirmed by the probate court, was ineffectual to pass the title of said estate in the land in controversy, and plaintiffs in error, who only claim title through such sale and the administrator's deed, made in pursuance thereof, show no title to any of the land.

This contention cannot be sustained. At the time this sale was made, the law governing administrator's sales in the republic of Texas did not require such sales to be confirmed by the probate court, there being no statute requiring such confirmation until 1846. Harris v. Brower, 3 Tex. Civ. App. 649, 22 S. W. 758; Williams v. Cessna, 43 Tex. Civ. App. 315, 95 S. W. 1106. If the law was otherwise, we think the record in this case shows a sufficient order of confirmation by the court ordering the sale. In the absence of any statute requiring such order to be made in open court, and entered in the minutes of the court, any memorandum of the probate judge, made by him officially, which shows that he approved the sale made by the administrator should be held sufficient. The record shows that the judge of the court that ordered the sale took the acknowledgment of the administrator to the deed conveying the property to the purchaser at such sale, and the certificate of acknowledgment, made and signed by him officially, after proper recitation of the acknowledgment of the deed by the administrator, contains the following: "It is therefore decreed that the foregoing deed be according to law." Such an order was no necessary part of the certificate of acknowledgment, and should not be presumed to have been made by the judge in his capacity of an ex officio notary public, but in his judicial capacity, and was intended as a judicial approval and confirmation of the sale.

From what we have said it follows that the judgment of the court below should be reversed, and the cause remanded for further

proceedings in the trial court, with instructions to that court to render judgment for the plaintiffs for an undivided one-half of the land in controversy, and to take such action in the matter of partition between the parties as the pleadings and evidence upon a trial of that issue will authorize, and it has been so ordered.

Reversed and remanded, with instructions.