CLINE et al. v. BOOTY et al.   (No. 5473.)

(Court of Civil Appeals of Texas.  San Antonio.
April 7, 1915.  Rehearing Denied
April 28, 1915.)

1. VENDOR AND PURCHASER ☞324—DEPOSIT
FOR LIQUIDATED DAMAGES — ACTIONS —
PLEADINGS.
	An answer, in an action by a vendor for a deposit by the purchaser as liquidated damages for failure to carry out the contract, which alleges vendor's failure to show a good and merchantable title, and which sets forth defects in the title, and which alleges false representations as to the character of the land to be conveyed, sets up a good defense.
	[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 944–947; Dec. Dig. ☞324.]

2. APPEAL AND ERROR ☞1054 — HARMLESS
ERROR—ERRONEOUS RULINGS ON EVIDENCE.
	Where a cause is tried by the court without a jury, error in rulings on evidence is not reversible, where there is sufficient and proper testimony to sustain the judgment.
	[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. ☞1054.]

3. APPEAL AND ERROR ☞1054, 1056—HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.
	Where the court based its judgment for defendant on one defense, error in the admission or rejection of evidence on another defense is harmless.
	[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186–4193, 4207; Dec. Dig. ☞1054, 1056.]

4. APPEAL AND ERROR ☞1054 — HARMLESS
ERROR—ERRONEOUS RULINGS ON EVIDENCE.
	Where the court trying a case without a jury based its judgment on facts established by proper evidence, error in admitting evidence of other facts, over the objection that the evidence was irrelevant and immaterial, is not reversible.
	[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. ☞1054.]

5. VENDOR AND PURCHASER ☞130 — CONTRACTS—"GOOD, MERCHANTABLE TITLE."
	A title by limitation is not a good, merchantable title, within a contract of sale calling for such a title.
	[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245–247; Dec. Dig. ☞130.]

6. VENDOR AND PURCHASER ☞130—DEFECTIVE TITLE—OBLIGATION OF PURCHASER.
	A purchaser contracting for a good, merchantable title need not proceed to carry out his part of the contract, where a defect in the title is disclosed.
	[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245–247; Dec. Dig. ☞130.]

7. EVIDENCE ☞318—HEARSAY—AFFIDAVITS—MERCHANTABLE TITLE—PROOF OF TITLE.
	Affidavits of witnesses as to limitation in connection with land contracted to be sold are merely ex parte affidavits and hearsay and inadmissible as evidence to establish a good, merchantable title, within a contract calling for such a title.
	[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. ☞318.]

8. ADVERSE POSSESSION ☞13—TITLE BY "ADVERSE POSSESSION"—REQUISITES.
	To establish title by limitations, it must appear that possession has been open, hostile, adverse, notorious, and uninterrupted for the statutory period, and that there is no saving to any person for personal disabilities.
	[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 65, 67–76; Dec. Dig. ☞13.]

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Action by H. A. Cline and another against E. F. Booty and others.  From a judgment for defendants, plaintiffs appeal.  Affirmed.

Gaines & Corbett, of Bay City, and W. L. Hall and H. A. Cline, both of Wharton, for appellants.  Proctor, Vandenberge, Crain & Mitchell and C. F. & C. C. Carsner, all of Victoria, and G. G. Kelley, of Wharton, for appellees.

FLY, C. J.  This is a suit instituted by H. A. Cline and W. F. O'Briant against E. F. Booty, John L. Booty, A. J. Booty, and the Levi Bank & Trust Company of Victoria county, to recover the sum of $5,000, alleged to be liquidated damages placed by the Bootys in the said bank, to make secure a purchase of land by the Bootys from Cline and O'Briant.  Pending the suit, C. A. Ward purchased the interest of O'Briant and took his place in the suit.  The bank answered by general and special demurrers and general denial.  The Bootys filed general and special exceptions and answered that the abstracts of title furnished by appellants did not show a good and merchantable title to the lands, contracted for by them, but disclosed numerous defects in the title to several tracts embraced in the body of land.  The defects were specifically alleged.  They further alleged false and fraudulent representations made by W. F. O'Briant in pointing out and designating the boundaries of the land, and in representing that there was not more than 1,200 acres of the land covered with timber, when in truth and in fact at least half of the tract of 7,590 acres of land was covered with timber, and that those representations induced the signing of the contract to purchase the land.  A jury was waived, and the cause was tried by the court; judgment being rendered that appellants recover nothing by their suit, and that the Bootys recover of the Levi Bank & Trust Company the special deposit of $5,000 made by them in said bank.  We adopt the findings of fact of the trial judge.

[1] The general demurrer was properly overruled.  The answer sets up a good defense.

[2, 3] The second assignment of error is overruled.  The evidence of E. F. Booty as to the misrepresentations made by O'Briant was properly admitted.  The objections of appellants to the testimony go to its weight rather than its competency.  The court found that the representations of O'Briant were not wholly relied upon by E. F. Booty when he made the contract on which the suit is bas-

ed. It is clear, therefore, that the evidence did ·not influence the trial judge and could not have injured appellants.

The letter of Cline to E. F. Booty seems to have been written to induce a compromise, and probably should not have been admitted in evidence; but the findings of the judge clearly indicate that it did not affect his judgment in any respect. The same rigid rules as to the admission of improper testimony before a jury cannot be applied in case of a trial by the court. The rule is that, when a case is tried without a jury, the admission of improper evidence will not demand a reversal, when there is sufficient proper testimony to sustain the judgment. Beham v. Ghio, 75 Tex. 90, 12 S. W. 996; Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740. The trial judge based his judgment upon defects in the title to a part of the land and not on the fraudulent representations of O'Briant, about which the letter of Cline was written. The admission of the letter had no conceivable influence in shaping the judgment of the court.

The letter to C. F. & C. C. Carsner from Cline had nothing in it bearing in the least upon any issue in the case, and could not have injured appellants. The fourth assignment of error is overruled.

[4] The fifth and sixth assignments of error are without merit. If the judgments in the suits of Goodman v. O'Briant and O'Briant v. Jones et al. "were irrelevant and immaterial," as contended by appellants, they cannot be made the basis of error, unless they in some way affected the judgment of the court. The conclusions of fact and law clearly show that they received no consideration by the court in arriving at the judgment. The objections to the evidence are based on mere abstractions. The court based its judgment on the defects in the title in 339 acres in the Joseph Simons grant and 160 acres in the Lucy A. Jernigan tract. Those defects were in nowise connected with the judgments in question.

[5, 6] The contract of purchase was repudiated by the Bootys, not only on account of the fraudulent representations of O'Briant, but on account of defects in the title. The defects were pointed out by their attorneys. Reasonable time was given to perfect the title. There was no title whatever in appellants to the two tracts herein mentioned, except possibly by limitation, which was not "a good, merchantable title," as provided for in the contract of sale. The defect was disclosed by the record, and appellees were not compelled to go any further. Beach, Mod. Law Cont. § 346; Littlefield v. Tinsley, 22 Tex. 257; Id., 26 Tex. 353; McCroskey v. Ladd, 3 Cal. Unrep. Cas. 433, 28 Pac. 216.

The ninth assignment of error is very vague and indefinite, and the proposition is equally so. The statement thereunder fails to show any title in appellants to the two tracts from the original grantees. We overrule the assignment.

The tenth, eleventh, twelfth, and thirteenth assignments of error are overruled. It is admitted by appellants that they had no title to the 339 and 160 acre tracts of land, except such as they might establish through limitations. McLaughlin v. Brown, 126 S. W. 292; Ross v. Thigpen, 140 S. W. 1180; Nicholson v. Lieber, 153 S. W. 641; McLane v. Petty, 159 S. W. 891; Hamburger v. Thomas, 103 Tex. 280, 126 S. W. 561. As said in the case last cited:

"Nor can it be said, in opposition to the verdict, that the evidence of title by limitation was such as to require a purchaser to accept it, if that could be said of any claim of title by limitation."

The evidence in this case does not show title by limitation, and, if it had, it was not the "good, merchantable title" demanded by the contract. As said by this court in McLaughlin v. Brown, herein cited:

"Appellant did not furnish appellee with a perfect record title, as was in contemplation of the parties, and he cannot be heard to say that the title has become invulnerable by lapse of time. The parties did not contract as to a title by limitations."

[7, 8] The affidavits of witnesses as to limitation in connection with one of the tracts of land, and which were placed on record, were merely ex parte affidavits and hearsay and inadmissible as evidence in the courts, and are not record evidence of title. Warville, Abstracts, 369; Maupin, Marketable Titles, pp. 740, 741. There are necessary matters laid down by Maupin, p. 740, to show a title by limitations:

"(1) That the possession has been open, hostile, adverse, notorious, and uninterrupted for the statutory period; (2) that there is no saving to any person on account of personal disabilities; and (3) it must appear that in all human probability the purchaser will have means at hand to establish his title by adverse possession, if it should be attacked by a third person in the future."

This question is fully discussed in the case of Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527; and, while the Court of Appeals of New York holds that there might be such a title by limitations as would be marketable, still it is held:

"Moreover, to sustain the plaintiffs' title by adverse possession, the defendant or his grantees would be required to resort to parol evidence, and it may be that it will depend upon an issue of fact as to which some dispute may arise.

Limitation, in the case under our consideration, would undoubtedly "depend on an issue of fact as to which some dispute may arise."

The judgment is affirmed.